USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
JOSE CRUZ VARGAS, :

                      Petitioner, :

    -against- :

UNITED STATES OF AMERICA, :

                     Respondent. :
------------------------------X

06 CV 5533 (WHP)

MEMORANDUM AND ORDER

WILLIAM H. PAULEY III, District Judge:

        Petitioner Jose Cruz Vargas ("Vargas") moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, alleging his counsel (1) failed to object at sentencing to an offense-level enhancement and (2) did not file a notice of appeal pursuant to Vargas's instructions. For the following reasons, this Court will conduct an evidentiary hearing to determine whether Vargas instructed his counsel to appeal. In all other respects, Vargas's motion is denied.

## BACKGROUND

        On December 2, 2004, Vargas pled guilty to one count of illegal re-entry into the United States. (Government's Opposition to Motion Pursuant to 28 U.S.C. § 2255 dated April 24, 2007 ("Opp'n") Ex. A: Plea Transcript dated Dec. 2, 2004 at 5.) At the sentencing hearing on October 27, 2005, the Court calculated an offense level of twenty-one and a criminal history category of IV, for a sentencing range under the United States Sentencing Guidelines (the "Guidelines") of fifty-seven to seventy-one months. (Opp'n Ex. B: Sentencing Transcript ("Sentencing Tr.") dated Oct. 27, 2005 at 2-5.) The offense level of twenty-one included a

sixteen-level enhancement because the Court found that Vargas had previously been deported after a conviction for drug trafficking. (Sentencing Tr. at 10.) The Court sentenced Vargas to fifty-seven months of imprisonment. (Sentencing Tr. at 11.)

On July 21, 2006, Vargas filed this motion to vacate his sentence. (Motion to Vacate pursuant to 28 U.S.C. § 2255 dated July 21, 2006.) Vargas claims that he timely instructed his counsel to appeal the sentence, and that the counsel's failure to appeal constitutes ineffective assistance. (Unsworn Affidavit of Jose Cruz Vargas dated July 1, 2006 ("Vargas Aff.") at 2; see docket sheet.) Vargas states that his appeal would have challenged the sixteen-level enhancement because his prior conviction did not involve "trafficking," and that his counsel's failure to object to that enhancement constitutes further ineffective assistance. (Petitioner's Memorandum of Law in Support of Motion to Vacate Pursuant to 28 U.S.C. § 2255 dated July 1, 2006 at 9, 12.)

## DISCUSSION

I. Failure to Object

To prevail on an ineffective assistance of counsel claim, a petitioner must show that (1) his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice resulted—i.e., there is a reasonable probability that, but for the deficient representation, the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

At the time of sentencing, a sixteen-level increase was proper "if the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months."

-2-

U.S.S.G. § 2L1.2(b)(1)(A)(i) (2004). A "drug trafficking offense" includes the "distribution, or dispensing of a controlled substance." § 2L1.2, application n. 1(B)(iv). On January 8, 1998 Vargas was sentenced to a term of imprisonment of three years to life in New York County after a conviction for criminal sale of a controlled substance in the second degree. (Opp'n Ex. F: Record of Sentence and Commitment at 2.) Following his release from custody, Vargas was deported on October 1, 1998. (Opp'n Ex. E: Warrant of Removal/Deportation dated Oct. 1, 1998 at 1.) Because the sixteen-level enhancement was proper, it was reasonable for Vargas's counsel not to object; moreover, the outcome would have been the same, even if he had lodged an objection. Since this ineffective assistance claim fails both prongs of the Strickland test, the claim is denied. See Mathurin v. United States, No. 01 Civ. 1374 (LAP), 2007 WL 2589450, at *23-25 (S.D.N.Y. Sept. 5, 2007) (where sentencing was proper under the Guidelines, defense counsel's failure to object was not ineffective assistance).

II. Failure to File Appeal

An attorney's failure to follow specific instructions to file a notice of appeal is "professionally unreasonable," and prejudice to the defendant is presumed, Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000), even if the appeal lacks merit, Campusano v. United States, 442 F.3d 770, 771-72 (2d Cir. 2006). A defendant's undisputed claim that his attorney failed to file a requested notice of appeal requires the district court to hold an evidentiary hearing to determine whether the client in fact requested the appeal. Campusano, 442 F.3d at 776.

The Government offers no evidence to refute Vargas's allegation that his counsel ignored his instruction to file a notice of appeal, other than stating that Vargas's counsel informed the Government in an informal conversation on March 30, 2007 that his usual practice

is to file an appeal upon request. (Respondent's Memorandum of Law dated April 24, 2007 at 6.) Because a failure to file an appeal upon request constitutes ineffective assistance, this Court must hold a hearing to determine whether Vargas did in fact request the appeal, even though such an appeal would be without merit in this case for the reasons discussed. See Campusano, 442 F.3d at 771-72.

## CONCLUSION

For the foregoing reasons, this Court will conduct an evidentiary hearing to determine whether Vargas instructed his counsel to file a notice of appeal. Vargas's ineffective assistance claim concerning his counsel's failure to object to the sixteen-level enhancement is denied.

Dated: February 4, 2008
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies mailed to*:

Jose Cruz Vargas
No. 56605-054
Low Security Correctional Institution (Allenwood)
P.O. Box 1000
White Deer, PA 17887
*Petitioner Pro Se*

Michael M. Rosensaft, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney
1 St. Andrew's Plaza
New York, NY 10007
*Counsel for Respondent*